UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                 Case No. 8:04-CR-17-T-27MSS

ROBERT EUGENE STILL
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Writ of Error Audita Querela (Dkt. 56) and the Government's Response in opposition (Dkt. 60). Defendant's application (Dkt. 56) is DENIED.

## Background

Pursuant to a plea agreement (Dkt. 20), Defendant pleaded guilty to an indictment which charged him with possessing a firearm, having previously been convicted of a felony. (Dkts. 1, 20, 21, 24, 25). Because of his prior record, to which Defendant stipulated, Defendant was subject to an enhanced penalty as an armed career criminal under 18 U.S.C. § 924(e) ("ACCA"), and faced a minimum mandatory sentence of fifteen years.[1] He was accordingly designated as an armed career

---

[1] As reflected in Defendant's Pre-Sentence Investigation Report, Defendant had two juvenile convictions for burglary, two adult armed robbery convictions, and an adult attempted armed robbery conviction , all committed on different days. (PSR ¶¶ 30, 31, 34, 35, 36). Accordingly, he was subject to the enhanced penalty provisions of 18 U.S.C.A. § 924 (e)(1). *United States v. Canty*, 570 F.3d 1251, 1255 (11th Cir. 2009). Section 924(e) provides, in pertinent part:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, . . ."

criminal and his guidelines were applied under USSG § 4B1.4(a). Defendant was sentenced to the statutory minimum mandatory penalty of 180 months in prison, followed by 36 months of supervised release. (Dkts. 44, 45). Defendant did not file a direct appeal.

On September 26, 2005, Defendant filed a timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 53) in which he claimed that counsel was ineffective for failing to investigate his prior state convictions. The Court denied his motion to vacate on the merits. (*See* Case No. 8:05-CV-1817-T-27MSS; CV Dkt. 11). Defendant did not appeal.

In his "Writ of Error Audita Querela," Defendant challenges the application of the armed career criminal provision of USSG § 4B1.4(a) to his sentencing. He argues that two of his prior Polk County, Florida convictions were erroneously considered as separate offenses under § 4B1.4. This contention lacks merit. Although he correctly points out that he was arrested on the same day for both offenses and sentenced on the same day for both offenses, he fails to acknowledge, as the PSR reports, that those two offenses were unrelated offenses, committed on different days, and separately charged. (PSR, ¶¶ 34, 35). Accordingly, those offenses were correctly considered separate violent felonies for purposes of USSG § 4A1.2(a)(2)(2003)("Prior sentences imposed in unrelated cases are to be counted separately.").[2] Likewise, independent of the guidelines, the enhanced penalty under § 924(e) was correctly applied. *United States v. Canty, supra.*

### Procedural default

Any claimed sentencing error is procedurally defaulted, as Defendant did not appeal his

---

[2] Because Defendant's federal offense was committed on or about November 2003, the 2003 Guidelines Manual applied to Defendant's sentencing. (PSR, ¶ 6). In its response, the Government quoted from USSG § 4A1.2(a)(2) in the 2009 Guidelines Manual. Apparently, Defendant likewise relied on the more recent version of USSG §4A1.2(a)(2) in arguing that his two Polk County convictions should have been counted as a single conviction.

conviction and sentence. Defendant makes no showing of cause for his procedural default or actual prejudice resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Neither does Defendant make a threshold showing of actual innocence warranting consideration even in the absence of cause for his procedural default. *Id.*

To the extent Defendant purports to fault his attorney for failing to object at sentencing and failing to appeal ("The problem is the failure of Petitioner's counsel to object at the sentencing or to file a direct appeal challenging the error.")(Dkt. 56, p. 3), he points to no performance by counsel which was arguably deficient or, for that matter, which prejudiced Defendant. Indeed, his previous § 2255 claim of ineffective assistance was rejected on the merits (CV Dkt. 11). Simply put, Defendant was correctly sentenced as an armed career criminal under § 924(e). There was no basis to object or appeal, and accordingly no cause for Defendant's procedural default.

### Construed collateral attack

The writ of audita querela is not available to Defendant. *See United States v. Davis*, 352 Fed. Appx. 314 (11th Cir. 2009). The instant application, although styled a "Writ of Error Audita Querela," essentially constitutes a collateral attack on Defendant's sentence. Defendant's claimed sentencing error argument, liberally construed, necessarily incorporates a due process challenge that his sentence was erroneously enhanced under § 924(e). Although Defendant is clearly mistaken with respect to this contention, his "Writ of Audita Querela" nonetheless constitutes a successive petition challenging his sentence.

Notwithstanding his prior unsuccessful challenge by way of a § 2255 motion to vacate, "[t]he writ of audita querela does not apply because other post conviction relief is available." *United States*

*v. Davis*, 352 Fed. Appx. at 316. He therefore may not challenge his sentence by filing a motion for a writ of audita querela. *See United States v. Chavarry*, __ Fed. 3d __, 2010 WL 1677147 (11th Cir. 2010); *United States v. Holt*, 417 F.3d 1172 (11th Cir. 2005). Because Defendant has failed to obtain permission to file a successive petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his application, construed as a § 2255 motion to vacate. *Holt, supra* at 1175 (citing *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003).

Alternatively, even if the "Writ of Audita Querela" is an available common law remedy in this instance, it must be denied on the merits. There was no constitutional, statutory, or legal error in the application of the enhanced penalty under § 924(e). Defendant was sentenced to the minimum term of fifteen years mandated by § 924(e).

Accordingly, Defendant's "Writ of Error Audita Querela"(Dkt. 56) is DISMISSED for want of jurisdiction and in the alternative, DENIED.

**DONE AND ORDERED** this 29th day of July, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant *pro se*
Counsel of Record